1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

TIFFANY PHILLIPS,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE,

      Defendant.

No: 2:10-cv-00209-RJJ

**ORDER**

Plaintiff's Motion to Remand to State Court
(#7)

    This matter comes before the Court on Plaintiff's Motion to Remand to State Court (#7). The Court also considered Defendant's Opposition (#15) and Plaintiff's Reply (#16).

## BACKGROUND

    Plaintiff, Phillips, filed suit in state court against her insurer, American Family Mutual Insurance, alleging breach of contract and other claims. American Family removed the case to federal court based on diversity jurisdiction. Phillips then filed her Motion to Remand to State Court (#7). Responsive briefs followed.

## DISCUSSION

    Plaintiff argues that her case should be remanded to state court because American Family failed to file its Petition for Removal within the thirty day time limit prescribed by 28 U.S.C. § 1446(b). Specifically, Phillips argues that American Family received notice on January 15, 2010, making the last day possible to file a Petition for Removal February 14, 2010. American Family's petition was filed on February 17, 2010. She also argues that diversity is improper

1   because American Family is a corporate citizen of Nevada due to predominance of its activity in

2   Nevada.  Defendant opposes the motion.  Plaintiff's motion turns on whether American Family

3   timely filed its Petition for Removal.

4          In Nevada, before an insurer may be authorized to transact insurance, "each insurer must

5   appoint the commissioner, and his successors in office, as its attorney to receive service of legal

6   process issued against the insurer in this state."  N.R.S. 680A.250(1).  "Service of such process

7   against a foreign or alien insurer must be made only by service thereof upon the commissioner."

8   N.R.S. 680A.250(3).  "Upon such service the commissioner shall forthwith mail by certified mail

9   one of the copies of such process, with the date and time of service of the same on the

10  commissioner noted thereon, to the person currently designated by the insurer to receive the copy

11  as provided in NRS 680A.250.  Service of process is complete when the copy has been so

12  mailed."  N.R.S. 680A.260(2).

13         Here, American Family was served not on January 15, 2010, the day Phillips served the

14  commissioner, but rather on January 20, 2010, the day the commissioner mailed the copy of the

15  complaint to American Family.  Proof of Service at 2, Exhibit B, Attached to Exhibit 1 Attached

16  to Plaintiff's Motion to Remand (#7).  This means that American Family's Petition for Removal

17  was filed timely because last day to file would have been February 19, 2010.

18         A corporation's citizenship for diversity purposes is determined by the location of that

19  corporations principal place of business, "where a corporation's officers direct, control, and

20  coordinate the corporation's activities," also called the "nerve center."  *Hertz Corp. v. Friend*,

21  559 U.S. ___; 130 S.Ct. 1181, 1192 (2010) (unanimous decision).

22         Here, American Family's nerve center is not in Nevada, but Wisconsin.  Furthermore,

23  Phillips concedes that, "The Complaint itself made it abundantly clear [that] diversity

24  jurisdiction, by citizenship and by amount, existed."  Plaintiff's Motion to Remand (#7) at 5 ll. 9-

25  10.

26  ///

27  ///

28  ///

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (#7) is **DENIED**.

DATED this  21st   day of December, 2010.


_____

ROBERT J. JOHNSTON
United States Magistrate Judge

3